## CORINNE ROBINSON v. THE STATE.

No. 19687.   Delivered April 13, 1938.
Rehearing denied June 8, 1938.

The opinion states the case.

*N. P. Reid,* of Wharton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Tom Robinson by shooting him with a gun.

The homicide occurred on the 27th of December, 1937, in a restaurant which the appellant and her husband (the deceased) were operating. The testimony of the State, as well as that adduced by the appellant, was to the effect that deceased and appellant had had many quarrels. A witness for the State testified that he entered the restaurant shortly before appellant shot deceased and heard the deceased say to appellant: "Hush." Appellant replied: "I hush when I get ready," and walked away from deceased. As deceased got out of his chair appellant secured a pistol and shot him. We quote from the testimony of another witness for the State as follows:

"While I was in that room just before the shooting started I heard an argument between Tom [deceased] and his wife; when I walked up on the outside Tom Robinson called me in and he asked me 'Wasn't a glass broke in the car that day we went to New Gulf, the Sunday before Christmas,' and I said 'I guess it was, Tom. You tried to raise it up and you couldn't,' and Corinne said, 'There ain't no use in you and Tom lying; that glass was not broke,' and I walks off when she said that

but before I got to the door Corinne said to Tom, 'Tom, you know good and well that you and Fred were in that car when you broke that glass,' and Tom gets up and says 'You are a G— d— liar; I didn't break it,' and started towards the counter and I looked back and heard the noise of the chair, and the next thing I heard was the report of the gun, and then she ran around the counter and grabbed him and held his head and tried to hold his head up and hollered that she had shot her husband."

Appellant testified that deceased had frequently threatened to kill her and on occasions had run her out of the house at the point of a pistol. As to what occurred at the time deceased was killed, appellant testified, in part, as follows:

"I said 'Now please don't accuse me of breaking the glass;' he jumped up and says 'You are a G— d— liar and I am going to put an end to this' and I said 'Please don't come back to where I am, else I will kill you,' and he said, 'Kill me then,' and the gun went off and I didn't even pull the trigger, because I never shot a gun in my life. He started toward me when he jumped up and I begged him. I said, 'Please don't come back here or I will kill you,' and he says 'Kill me then,' and he kept walking toward me, and the gun went off."

We deem the evidence sufficient to support the conviction.

No bills of exception are brought forward.

In her motion for new trial appellant set up newly discovered evidence. In the order overruling the motion it is recited that the court heard evidence thereon. The evidence is not brought forward. Under the circumstances, we must indulge the presumption that the trial court was warranted in overruling the motion.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in her motion that because of the fact that the main State witness Robert Waddy's testimony was contradicted by many witnesses who placed Waddy in such a position that he could not have seen nor heard anything that took place at the scene of the killing, such case should be reversed because of such witness being thus impeached. The jury were the judges of the credibility of the witnesses and seemed to have given credence to Waddy's testimony, and we do not feel like usurping their function herein.

Appellant also urges that her motion for a new trial should have been granted in order to allow her the benefit of certain newly discovered testimony of the witness Riley Davis, who would testify that in a conversation with the deceased about three weeks prior to this homicide, the deceased said: "I am afraid I am going to have to kill her [appellant] before Christmas." We note from the record that appellant and her husband, the deceased, had continuously had many violent quarrels, and other witnesses had testified to threats and struggles and difficulties that had marred their married life, and this further threat would only have been cumulative testimony at best. We do not think its introduction would have materially affected the verdict, nor do we think the learned trial judge abused his discretion in overruling the motion for a new trial. See Branch's P. C., p. 124, Section 192.

The motion for a rehearing will be overruled.